# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILLIAM O PERKINS, III, | |
| Plaintiff, | CIV. NO. 3:17-cv-00025 |
| v. | |
| THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and THE VIRGIN ISLANDS DEPARTMENT OF FINANCE | |
| Defendants. | |

## **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to FED. R. CIV. P. 12(b)(1) and (6) Defendants, by and through the undersigned counsel, hereby move this Court to enter an Order dismissing the above-entitled action as against all defendants for the herein stated reasons.

### 1. **PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint in this matter on April 18, 2017. Service of the summons upon the Governor was made on June 1. 2017.  Plaintiffs allege in the Complaint that on October 17, 2016 Plaintiff filed an income tax return ("2015 Tax Return") with the Virgin Islands Bureau of Internal Revenue ("VIBIR") for the calendar years/tax year ending December 31, 2015 ("Tax Year 2015"). Plaintiff alleges that the 2015 Tax Return reported an overpayment and requested that a refund be paid. Plaintiff alleges that more than six months have elapsed since the 2015 Tax Return including the claim for refund was filed.

At the time the Complaint was filed, VIBIR had not initiated an audit of the 2015 Tax Return. The 2015 Return is lengthy and complex. Evaluation of some of the amounts reported in the 2015 Return requires determinations regarding transactions involving other entities. On July

11, 2017, Plaintiff's representative and VIBIR participated in a telephone conference during which Plaintiff's representative was informed that the 2015 Tax Return was being examined. *See* Affidavit of Hugh A. Greentree, "Exhibit 1" attached. The Plaintiff and VIBIR agreed to cooperate regarding exchanges of information so that the examination may be concluded as rapidly as possible.

## 2. STANDARD OF REVIEW

### A. MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

FED. R. CIV. P. 12(b)(6) permits the dismissal of an action where the claim is not adequately stated. In reviewing such a motion, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. Of Trs. Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assovs.,* Inc. 237 F.3d 270, 272 (3d. Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs.*, Inc. 542 F.3d 59, 64 (3d. Cir. 2008). However, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertions[s] devoid of "further factual enhancement." *Id*. at 557.

### B. MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

A case is properly dismissed pursuant to FED. R. CIV. P. 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate it. When considering such motions, there is a distinction between facial attacks to jurisdiction (where the sufficiency of the pleadings is

disputed) and factual attacks (where the trial court's very jurisdiction to hear a case is at issue). *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). When ruling on a facial attack, the trial court must consider the allegations of the complaint as true as it would with a motion under Rule 12(b)(6). *Id.* When ruling on a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Consequently, the plaintiff must bear the burden of persuasion when confronted with a factual challenge to jurisdiction. *Id. See also Kehr Packages Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.)*, cert. denied*, 501 U.S. 1222 (1991)).

## 3. DISCUSSION

An original tax return that states an overpayment and requests a refund is effectively treated as a claim for refund as required by 26 U.S. Code §§ 6402(a), 6511(a), and 7422(a). *See* 26 C.F.R. §§ 301.6405-2 and 301.6402-3(a); *Levitsky v. United States,* 27 Fed. Cl. 235, 240; 1992 U.S. Claims LEXIS 154, at \*\*11 (1992); *United States v. Whorton,* 1988 U.S. Dist. LEXIS 16773, at \*10 (D. Haw. Dec. 30, 1988). Regarding civil actions for payments of refunds, 26 U.S. Code § 7422(a) imposes the following restriction:

> No suit prior to filing claim for refund.  No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

The exhaustion requirement of § 7422 is jurisdictional and precludes a civil action from proceeding in federal court before the plaintiff files a refund claim with the Secretary and complies with the applicable administrative procedures. *Chocallo v. IRS Dep't of the Treasury*, Nos. 04-3737, 06-539, 2007 U.S. Dist. LEXIS 52145, at \*12 (E.D. Pa. July 16, 2007).

Accordingly, a civil action for refund pursuant to 26 U.S. Code § 7422(a) is premature while VIBIR's examination of the 2015 Tax Return continues.

**CONCLUSION**

The District Court does not have jurisdiction over Plaintiff's claim for refund during the period of time that VIBIR is examining the 2015 Tax Return. Based on the foregoing, the Defendants respectfully request dismissal of the Plaintiff's Complaint. In the alternative, Defendants request a stay of ninety days until October 12, 2017 to allow the Virgin Islands Bureau of Internal Revenue time to complete an examination of the 2015 Tax Return.

Respectfully Submitted,

CLAUDE E. WALKER
ATTORNEY GENERAL

Dated:  July 14, 2017

By:  /s/ Hugh A. Greentree
HUGH A. GREENTREE
ASSISTANT ATTORNEY GENERAL
V.I. Department of Justice
Office of the Attorney General
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, U.S.V.I. 00802
Tel:  (340) 774-5666, Ext. 143
hugh.greentree@doj.vi.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of July, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Alex Golubitsky
>Garvey Schubert Barer
>1191 Second Ave.
>18th Floor
>Seattle, WA 98101
>AGOLUBITSKY@gsblaw.com

***By:***   /s/ Hugh A. Greentree