IN DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| William O. Perkins, III,<br><br>    Plaintiff,<br><br>  v.<br><br>The United States Virgin Islands, et. al.,<br><br>    Defendants. | Civil Action No. 3:17-cv-25 |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO THE UNITED STATES VIRGIN ISLANDS AND THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**COMES NOW**, William O. Perkins, III (the "Plaintiff"), through counsel, and files this brief in opposition to the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue (the "BIR" and collectively, the "Defendants") motion to dismiss[1] Plaintiff's Complaint. Plaintiff respectfully requests that the Defendants' motion be denied in its entirety.

**I. INTRODUCTION**

This Court has the jurisdiction to hear a suit for a refund of income taxes against the Defendants. 48 U.S.C. § 1612; *see also Birdman v. Office of the Governor*, 677 F.3d 167 (3d Cir. 2012). The Defendants, in their motion, argue that they are able to unilaterally strip this Court of the jurisdiction to hear a refund claim by orally stating to counsel for the Plaintiff in this litigation, who does not even have on file a Power of Attorney Form 2848 authorizing representation of the Plaintiff in administrative matters before the Defendants, that a taxpayer claiming a refund is under audit. The Defendants cite no authority for this proposition, because none exists. The Defendants

---

[1] Doc. # 14, and memo. in support (Doc. # 15).

-1-

claim that by uttering the word "audit" to counsel, as if a magical incantation, the statutory authority of this Court, created by the United States Congress, can be removed permanently.

If the Court were to accept the Defendants' position, the Virgin Islands would never be required to pay another income tax refund, because in every instance that a taxpayer requested a refund, the BIR could simply call that taxpayer's counsel on the phone, state that the taxpayer is under audit, and as a consequence such a taxpayer would permanently lose the right to petition this Court for a refund. This result, in addition to being fundamentally unjust, is not supported by any statute, regulation, or decision of any Court. The Defendants' motion in this instance is simply a stalling tactic, filed in bad faith to delay the Defendants from paying a debt that they lawfully owe to the Plaintiff.

This Court should reject the Defendants' motion in full.

**II. THE DEFENDANTS' 12(B)(6) MOTION SHOULD BE DENIED BECAUSE THE PLAINTIFF'S COMPLAINT ALLEGES SUFFICIENT FACTS TO SUPPORT A CLAIM FOR REFUND.**

When reviewing a motion to dismiss brought pursuant to FRCP 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court, in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow… the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "merely consistent with a defendant's liability... stops short of the line between possibility and plausibility of entitlement of relief." *Id*. (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

In this particular instance, the Plaintiff has alleged in his complaint that he filed an original income tax return with the BIR for the tax year ending December 31, 2015 (the "2015 tax year"). Complaint, ¶ 7. The Plaintiff alleged that the BIR has not initiated an audit of the Plaintiff for the 2015 tax year, or otherwise denied Plaintiff's claim for refund for the same year. Complaint, ¶ 8.

Based on the foregoing standard, at this preliminary stage in the litigation, this Court is required to accept, for purposes of an FRCP 12(b)(6) motion, that 1) Plaintiff filed an original

income tax return claiming a refund for the 2015 tax year; and 2) this return is not under audit and the claim for refund has not been denied. Therefore, even if the Defendants' legally dubious argument that an audit somehow prevents a person from bringing a claim for refund were correct (it is not), Defendants' FRCP 12(b)(6) motion would still fail because the Plaintiff has in fact pled that he is not under audit from the BIR, and this Court must accept that allegation as true.

      This Court has held that a claim for refund under 26 U.S.C. § 7422, as mirrored to the USVI, requires that a claimant must file a claim for refund prior to filing a lawsuit in this Court. *Elmes v. Comm'r of Internal Revenue & United States Virgin Islands*, No. CIVIL 2011-106, 2012 WL 4462658, at *5 (D.V.I. Sept. 27, 2012). The Defendants correctly acknowledge that an original income tax return claiming a refund is a valid claim for refund. The Defendants state "[a]n original tax return that states an overpayment and requests a refund is effectively treated as a claim for refund as required by 26 U.S. Code §§ 6402(a), 6511(a), and 7422(a). *See* 26 C.F.R. §§ 301.6405-2 and 301.6402-3(a); *Levitsky v. United States*, 27 Fed. Cl. 235, 240; 1992 U.S. Claims LEXIS 154, at **11 (1992); *United States v. Whorton*, 1988 U.S. Dist. LEXIS 16773, at *10 (D. Haw. Dec. 30, 1988)."   Doc. # 15 at p. 3.

      Plaintiff agrees.

      However, Plaintiff *does not agree* that there is any further exhaustion requirement under 26 U.S.C. § 7422, because there is no other requirement for the Plaintiff to validly state a claim for refund. The Plaintiff has claimed a refund though the timely filing of the appropriate tax return, waited six months, and then filed suit. All of the factual prerequisites are pled in Plaintiff's Complaint, and therefore the claim for refund is validly stated.

**III. THE DEFENDANTS ACKNOWLEDGE THAT THE PLAINTIFF FILED A CLAIM FOR REFUND, AND THEREFORE THERE IS NO LEGITIMATE DISPUTE REGARDING THIS COURT'S JURISDICTION OVER THE PLAINTIFF'S CLAIM.**

The Defendants state that this Court does not have jurisdiction over the Plaintiff's claim. In so doing, the Defendants intentionally misrepresent the law to the Court. The Defendants state that the supposed "audit" of the Plaintiff created an additional administrative requirement for the Plaintiff to exhaust. The Defendants cite no statute, regulation, nor case law for this proposition. And to that end, the Defendants do not identify what further administrative remedies would need to be exhausted by the Plaintiff prior to bringing suit.

The Defendants cite *Chocallo v. I.R.S. Dep't of the Treasury*, No. CIV.A. 04-3737, 2007 WL 2071880, at *9 (E.D. Pa. July 16, 2007), *aff'd sub nom. Chocallo v. United States*, 299 F. App'x 112 (3d Cir. 2008), for the unremarkable proposition that failure to exhaust an administrative remedy constitutes a jurisdictional bar to a suit under 26 U.S.C. § 7422. *Chocallo* simply holds that prior to a District Court having jurisdiction over a claim for refund, such a claim must be filed administratively. The Defendants, as stated above, freely admit that the filing of an original return claiming a refund is a valid claim for refund, and do not allege that the Plaintiff failed to do so.

The Defendants contend that "a civil action for refund pursuant to 26 U.S.C § 7422(a) is premature while VIBIR's examination of the 2015 Tax Return continues." However, the Defendants do not even endeavor to explain why the BIR's examination of the Plaintiff's 2015 tax return has transformed that return from a claim for refund into a nullity nor provided any written evidence that the Plaintiff's 2015 tax return is even under examination.

The Defendants do not address the situation where the BIR and/or IRS audits a taxpayer but never makes any audit changes or where the BIR and/or IRS make audit changes (i.e. additional

assessments) outside of the statute of limitations contained in 26 U.S.C. § 6501.  Taking the Defendants' logic to its natural extension, the BIR could claim that it is conducting an audit and then prevent a taxpayer from ever obtaining a tax refund because the BIR and/or IRS can always audit a taxpayer (there is no statute of limitation on audits, *see Gangi v. United States,* 453 Fed. App'x 255, 257 (3d Cir. 2011) ("the statute of limitations applies only to assessments of taxes, not to summonses or other investigative procedures.") (internal citations omitted)). When closely examined, the logic of Defendants' argument of breaks down under its own weight.

Even if the Defendants had properly denied Plaintiff's claim for refund, this Court would nonetheless have jurisdiction over this claim for refund. This situation is covered in 26 U.S.C. § 7422(e) which provides for a *stay* of a proceeding such as this if the BIR issues a Notice of Deficiency under 26 U.S.C. § 6213. The BIR has not issued such a notice of deficiency, and indeed has not suggested that there is any error on the Plaintiff's income tax return that would allow the BIR to issue this notice. This Court would only lose jurisdiction if the IRS issued a Notice of Deficiency, and the Plaintiff filed a petition in U.S. Tax Court.  However, if the BIR issued a Notice of Deficiency, "[a] Virgin Islands taxpayer may petition [the District Court of the Virgin Islands] to redetermine a Virgin Islands tax deficiency determined by the BIR in the same manner as a U.S. taxpayer may petition [the Tax] Court." *Huff v. C.I.R.,* 135 T.C. 222, 227 (2010) (internal citation omitted).

Here, the Defendants simply ignore the plain language of the statute. Congress was clear when it drafted 26 U.S.C. § 7422(e). Two things must occur prior to this Court losing jurisdiction over a claim for refund. *First*, the BIR must issue a notice of deficiency to the Plaintiff. This action would result in this proceeding being stayed for the period that the Plaintiff can file a petition in this Court to redetermine that notice of deficiency, and for 60 days thereafter. *Second*, the Plaintiff

must in fact file such a petition. Unless both occur, this Court cannot lose jurisdiction over this claim.

In other words, even if the purported "audit" of the Plaintiff resulted in the BIR issuing a Notice of Deficiency, the Plaintiff could convert and/or re-plead his complaint to a petition for redetermination before this Court, *see* Local Civil Rule 71A.1 ("Proceedings to Re-determine Deficiency in Income Tax"). The result would then be that to the extent that this Court would be stripped of jurisdiction (a point the Plaintiff does not concede), this Court would obtain jurisdiction since it sits as a "Tax Court" for Virgin Islands taxpayers issued a Notice of Deficiency by the BIR. *See Huff, supra;* Local Rule 71A.1, *supra.* Thus, any potential jurisdictional stripping concerns are belied by the statutory scheme put in place by operation of the Mirror Code.

At bottom, if Congress intended to allow the IRS (and the BIR via the mirror code) to strip the jurisdiction of a District Court by initiating an examination of a taxpayer's return, they would have clearly stated so in 26 U.S.C. § 7422. 26 U.S.C. § 7422 states no such thing, rather, it requires that the IRS issue a Notice of Deficiency to the Plaintiff, and then that the Plaintiff file a separate claim in the Tax Court, to remove this Court's jurisdiction.

The Defendant cannot plausibly claim that these procedural steps have occurred, and indeed they have not done so. Therefore, this Court's jurisdiction over this claim remains intact.

**IV. THE DEFENDANTS' MOTION TO DISMISS SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT, AND THE MOTION SHOULD BE HELD IN ABEYANCE UNTIL DISCOVERY IS COMPLETE IN THIS MATTER.**

Filed concurrently with this opposition are an unopposed motion to allow the Plaintiff to conduct discover in this matter and a motion to treat the Defendants' FRCP 12(b)(6) motion as a summary judgment motion under FRCP 56, pursuant to FRCP 12(d). This honorable Court should

not rule on the Defendant's motion at this time, should allow the parties to complete discovery, and should if necessary revisit this issue as summary judgment issue under Rule 56.

## V. CONCLUSION

The Defendants have simply filed this motion as a dilatory tactic in bad faith. Their motion is not plausible on its face, ignores the plain language of 26 U.S.C. § 7422, and presents no arguments to support a change in the law. In addition, the Defendants have clearly raised facts outside of the four corners of the Complaint, and therefore this motion should be converted to a motion for summary judgment, and decided after discovery has been closed in this matter.

Dated: August 3, 2017                                Respectfully submitted,

                                                     GARVEY SCHUBERT BARER

By: /s/ Joseph A. DiRuzzo, III                       By:  /s/ Alex Golubitsky
Joseph A. DiRuzzo, III                                    Alex Golubitsky, Bar No. 1269
USVI Bar No. 1114                                         agolubitsky@gsblaw.com
JOSEPH A. DIRUZZO, III, P.A.
633 SE 3rd Ave., Suite 301                           Eighteenth Floor
Ft. Lauderdale, FL 33301                             1191 Second Avenue
954.615.1676 (O)                                     Seattle, Washington 98101-2939
954.764.7272 (F)                                     Telephone:    (206) 464-3939
jd@diruzzolaw.com                                    Facsimile:    (206) 464-0125

                                                     Attorneys for Plaintiff
                                                     William O. Perkins, III

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice was served upon the following attorney via a Notice of Electronic Filing Generated by the Court's CM/ECF system:

Hugh Greentree, Esq.
Assistant Attorney General
Department of Justice
34-48 Kronprindsen Gade
GERS Building, 2nd Floor
St. Thomas VI, 00802

Dated: <u>August 3, 2017</u>                                                      <u>/s/ Alex Golubitsky</u>
                                                                                                  Alex Golubitsky

GSB:8851737.1