# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILLIAM O PERKINS, III, | |
| Plaintiff, | CIV. NO. 3:17-cv-00025 |
| v. | |
| THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and THE VIRGIN ISLANDS DEPARTMENT OF FINANCE | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT OR ALTERNATIVELY MOTION FOR STAY OF DISCOVERY**

Pursuant to FED. R. CIV. P. 12(b)(6), Defendants, Government of the United States Virgin Islands, the Virgin Islands Bureau of Internal Revenue, and the Virgin Islands Department of Finance, by and through the undersigned counsel, hereby move the Court to enter an Order dismissing the above-entitled action as against all defendants for the herein stated reasons. In the alternative, Defendants move the Court to enter a stay of discovery until December 15, 2017 to give Defendant Virgin Islands Bureau of Internal Revenue time to complete its examination (audit) of the income tax return at issue.

**1. PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint in this matter on April 18, 2017. Plaintiffs allege in the Complaint that on October 17, 2016 Plaintiff filed an income tax return ("2015 Tax Return") with the Virgin Islands Bureau of Internal Revenue ("VIBIR") for the calendar year/tax year ending December 31, 2015 ("Tax Year 2015"). Plaintiff alleges that the 2015 Tax Return reported an

Case: 3:17-cv-00025-CVG-RM   Document #: 31   Filed: 08/17/17   Page 2 of 6

William O. Perkins, III v. GVI, VIBIR and VI Dept. of Finance
Civil No. 3:17-cv-00025
Memorandum Supporting Motion to Dismiss First Amended Complaint - Page 2

overpayment and requested that a refund be paid. Plaintiff alleges that more than six months have elapsed since the 2015 Tax Return including the claim for refund was filed.

Service of the summons upon the Governor, VIBIR, and the Virgin Islands Department of Finance ("FINANCE") was made on June 1. 2017. The returned summons for all three defendants were filed with the Court on June 16, 2017. Plaintiff filed a notice of intent to seek default on June 16, 2017. Assistant Attorney General Hugh A. Greentree of the Virgin Islands Department of Justice filed a notice of appearance on behalf of all three defendants on June 19, 2017. Attorney Greentree filed a motion to dismiss the original complaint on July 14, 2017 (ECF # 14) using the Court's CM/ECF system on behalf of all three defendants. A memorandum in support of the motion was filed that same day (ECF # 15) using the Court's CM/ECF system on behalf of all three defendants.

On August 3, 2017 Plaintiff filed a First Amended Complaint (ECF # 17); an Opposition to Motion to Dismiss (ECF # 18); a Motion to Convert Motion to Dismiss into a Motion for Summary Judgment (ECF #19); and a Motion for Discovery Regarding Jurisdiction (ECF# 20). On August 4, 2017 Plaintiff filed a Motion For Judgment of Default Against FINANCE (ECF # 21) and a Motion to Deposit Funds With the Court Pursuant to FED. R. CIV. P. 67 (ECF # 22). On August 9, 2017 Plaintiff filed a Motion for Discovery Rule 16 Conference and Scheduling Order (ECF # 23).

2. **STANDARD OF REVIEW**

FED. R. CIV. P. 12(b)(6) permits the dismissal of an action where the claim is not adequately stated. In reviewing such a motion, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. Of Trs. Bricklayers & Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assovs.,* Inc. 237 F.3d 270, 272 (3d. Cir.

Case: 3:17-cv-00025-CVG-RM Document #: 31 Filed: 08/17/17 Page 3 of 6

William O. Perkins, III v. GVI, VIBIR and VI Dept. of Finance
Civil No. 3:17-cv-00025
Memorandum Supporting Motion to Dismiss First Amended Complaint - Page 3

2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs.*, Inc. 542 F.3d 59, 64 (3d. Cir. 2008). However, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertions[s] devoid of "further factual enhancement." *Id*. at 557.

**3. DISCUSSION**

This case involves a claim for taxpayer claim for refund reflected on an original tax return.[1] The sole issue before VIBIR while this matter is pending review is whether the information reported on the 2015 Tax Return is true and correct. Plaintiff/Taxpayer is in possession of all of the information regarding his income and losses; VIBIR only the information that the Taxpayer reported on his tax returns or has subsequently chosen to share.

In the First Amended Complaint, Plaintiff makes reference to the Affidavit of Hugh A. Greentree dated July 14, 2017, (ECF # 15-1). A copy of the Greentree Affidavit is attached as "Exhibit 1" and incorporated by reference as if fully restated herein. The Greentree Affidavit describes a telephone call during which Plaintiff's legal counsel was informed that the 2015 Tax Return was being examined, that the 2015 tax return was a complex tax filing which involved tax

---

[1] An original tax return that states an overpayment and requests a refund is effectively treated as a claim for refund as required by 26 U.S. Code §§ 6402(a), 6511(a), and 7422(a). *See* 26 C.F.R. §§ 301.6405-2 and 301.6402-3(a); *Levitsky v. United States,* 27 Fed. Cl. 235, 240; 1992 U.S. Claims LEXIS 154, at **11 (1992); *United States v. Whorton,* 1988 U.S. Dist. LEXIS 16773, at *10 (D. Haw. Dec. 30, 1988).

Case: 3:17-cv-00025-CVG-RM Document #: 31 Filed: 08/17/17 Page 4 of 6

William O. Perkins, III v. GVI, VIBIR and VI Dept. of Finance
Civil No. 3:17-cv-00025
Memorandum Supporting Motion to Dismiss First Amended Complaint - Page 4

information from several other entities, and that additional time was necessary to complete the review and verify the accuracy of the information provided. Ex. 1, ¶¶ 5, 6.

Unfortunately, certain allegations in the First Amended Complaint are inaccurate. Plaintiff incorrectly alleges that VIBIR has not initiated an audit for any tax year and Plaintiff incorrectly alleges that VIBIR is not disputing that Plaintiff is owed an income tax refund. 1st Am. Compl. ¶¶ 8, 13, 25. Plaintiff also incorrectly implies that VIBIR has never notified Plaintiff that the 2015 Tax Return is being "audited." 1st Am. Compl. ¶ 9, 10, 11, 12. In fact, as the Greentree Affidavit establishes, VIBIR initiated the audit/examination after Plaintiff filed the original complaint and verbally notified Plaintiff's attorney as such. Ex. ¶ 5. VIBIR was precluded from using normal procedures for notifying the taxpayer of the examination because of Rule 211.4.2, Virgin Islands Rules of Professional Conduct, which limits communications with a party represented by counsel.[2]

As the Court is no doubt aware, when VIBIR considers a claim for refund, the only information in the Government' possession is that which was provided by the taxpayer. The details alleged in the First Amended Complaint hint at some of the 2015 Tax Return's complexity. *See* 1st Am. Compl. ¶¶ 16, 17, 18, 19, 20.[3] VIBIR will develop the work papers while reviewing the 2015 Tax Return and will receive information from the United States Internal Revenue Service

---

[2] Plaintiff incorrectly describes the Greentree Affidavit as "false" where the affidavit describes the verbal notification given to Plaintiff's counsel. 1st Am. Compl. ¶ 15. The lack of written notification does not make the verbal notification "false." Once litigation began, the Virgin Islands Rules of Professional Conduct limited VIBIR's ability to contact Plaintiff. If Plaintiff's logic is followed, VIBIR would be unable to notify Plaintiff of an audit because VIBIR can only communicate with Plaintiff via Plaintiff's legal counsel and Plaintiff has not executed a Form 2848 designating his legal counsel as his tax representative. Fortunately, a Form 2848 is not always required in situations where a tax dispute is being litigated. *See Smith v. Commissioner,* 1990 Tax Ct. Memo LEXIS 447, at *23 (U.S. T.C. Aug. 8, 1990) (Tax Court held that the absence of a taxpayer's signature on a Form 2848 did not establish that taxpayer's legal counsel was not authorized to represent the taxpayer before the court).

[3] Indeed, the details reported in the First Amended Complaint show a resemblance to infamous Virgin Islands income tax cases such as *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455 (3d Cir. 2013) and *Virgin Islands v. Lansdale*, 172 F. Supp. 2d 636, 640 (D.V.I. 2001).

Case: 3:17-cv-00025-CVG-RM   Document #: 31   Filed: 08/17/17   Page 5 of 6

William O. Perkins, III v. GVI, VIBIR and VI Dept. of Finance
Civil No. 3:17-cv-00025
Memorandum Supporting Motion to Dismiss First Amended Complaint - Page 5

and Plaintiff. When VIBIR completes its examination of the 2015 Tax Return, VIBIR will provide Plaintiff with a detailed explanation of any adjustments, as appropriate.

Accordingly, a civil action for refund is premature while VIBIR's examination/audit of the 2015 Tax Return continues.

## 4. CONCLUSION

Based on the foregoing, the Defendants respectfully request dismissal of the Plaintiff's Complaint. In the alternative, Defendants request a stay until December 15, 2017 to allow the Virgin Islands Bureau of Internal Revenue time to complete an examination of the 2015 Tax Return.

    Respectfully Submitted,

    CLAUDE E. WALKER
    ATTORNEY GENERAL

Dated: August 17, 2017    By: /s/ Hugh A. Greentree
    HUGH A. GREENTREE
    ASSISTANT ATTORNEY GENERAL
    V.I. Department of Justice
    Office of the Attorney General
    34-38 Kronprindsens Gade
    GERS Building, 2nd Floor
    St. Thomas, U.S.V.I. 00802
    Tel: (340) 774-5666, Ext. 143
    hugh.greentree@doj.vi.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the August 17, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Alex Golubitsky
>Garvey Schubert Barer
>1191 Second Ave.
>18th Floor
>Seattle, WA 98101
>AGOLUBITSKY@gsblaw.com
>
>Joseph A. DiRuzzo, III
>Fuerst Ittleman David & Joseph, PL
>1001 Brickell Bay Drive, Suite 3112
>Miami FL 33131
>jdiruzzo@fuerstlaw.com
>305.350.5690 Office
>305.371.8989 Fax

*By:*   /s/ Hugh A. Greentree