## IN DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS & ST. JOHN

William O. Perkins, III,

     Plaintiff,

  v.

The United States Virgin Islands, et. al.,

     Defendants.

Civil Action No. 3:17-cv-25

---

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE AND THE VIRGIN ISLANDS DEPARTMENT OF FINANCE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

  **COMES NOW**, William O. Perkins, III (the "Plaintiff"), through counsel, and files this brief in opposition to the United States Virgin Islands, the Virgin Islands Department of Finance and the Virgin Islands Bureau of Internal Revenue (the "BIR" and collectively, the "Defendants") motion to dismiss[1] Plaintiff's First Amended Complaint.[2] Plaintiff respectfully requests that the Defendants' motion be denied in its entirety.

### I. INTRODUCTION

  This Court has the jurisdiction to hear a suit for a refund of income taxes against the Defendants. 48 U.S.C. § 1612; *see also Birdman v. Office of the Governor*, 677 F.3d 167 (3d Cir. 2012). The Defendants, in their motion, argue that the Plaintiff failed to state a claim under which relief can be granted because the Plaintiff is under audit or examination by the BIR. The Defendants, in their motion, acknowledge that the Plaintiff has alleged in his First Amended Complaint that the Plaintiff has pled that he is not under audit because he has not been informed

---

[1] Doc. # 30, and memo. in support (Doc. # 31).
[2] Doc. # 17-2.

in writing by the BIR that such an examination is occurring. The Defendants then argue as a matter of fact that the Plaintiff is somehow incorrect in this factual assertion. In other words, the Defendants, in their own motion, acknowledge that a factual dispute exists, thereby making a 12(b)(6) motion improper.

The Defendants' motion in this instance is simply a stalling tactic, filed in bad faith to delay the Defendants from paying a debt that they lawfully owe to the Plaintiff. This is evidenced by the fact that the Defendants ask for alternative relief of a stay until December 15, 2017. The Defendants offer no justification as to why a stay could ever be alternative relief to a dismissal for failure to state a claim, nor do they cite to any provision in the Internal Revenue Code and attendant Treasury Regulations that provide(s) for a stay of a tax refund lawsuit. Furthermore, the Defendants point to no actual fault in the First Amended Complaint; nowhere do they suggest what elements necessary to fully plead a claim for refund are missing from the Plaintiff's First Amended Complaint.

This Court should reject the Defendants' motion in full.

## II. THE DEFENDANTS' 12(B)(6) MOTION SHOULD BE DENIED BECAUSE THE PLAINTIFF'S COMPLAINT ALLEGES SUFFICIENT FACTS TO SUPPORT A CLAIM FOR REFUND.

When reviewing a motion to dismiss brought pursuant to FRCP 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court, in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow… the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which pleads facts "merely consistent with a defendant's liability... stops short of the line between possibility and plausibility of entitlement of relief." *Id*. (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

In this particular instance, the Plaintiff has alleged in his First Amended Complaint that he filed an original income tax return with the BIR for the tax year ending December 31, 2015 (the "2015 tax year"). First Amended Complaint, ¶ 7. The Plaintiff alleged that the BIR has not initiated

an audit of the Plaintiff for the 2015 tax year, or otherwise denied Plaintiff's claim for refund for the same year. First Amended Complaint, ¶¶ 8-15.

Based on the foregoing standard, at this preliminary stage in the litigation, this Court is required to accept, for purposes of an FRCP 12(b)(6) motion, that 1) Plaintiff filed an original income tax return claiming a refund for the 2015 tax year; and 2) this return is not under audit and the claim for refund has not been denied. Therefore, even if the Defendants' legally dubious argument that an audit somehow prevents a person from bringing a claim for refund were correct (it is not), Defendants' FRCP 12(b)(6) motion would still fail because the Plaintiff has in fact pled that he is not under audit from the BIR, and this Court must accept that allegation as true.

This Court has held that a claim for refund under 26 U.S.C. § 7422, as mirrored to the USVI, requires that a claimant must file a claim for refund prior to filing a lawsuit in this Court. *Elmes v. Comm'r of Internal Revenue & United States Virgin Islands*, No. CIVIL 2011-106, 2012 WL 4462658, at *5 (D.V.I. Sept. 27, 2012). The Defendants correctly acknowledge that an original income tax return claiming a refund is a valid claim for refund. The Defendants state "[a]n original tax return that states an overpayment and requests a refund is effectively treated as a claim for refund as required by 26 U.S. Code §§ 6402(a), 6511(a), and 7422(a). *See* 26 C.F.R. §§ 301.6405-2 and 301.6402-3(a); *Levitsky v. United States*, 27 Fed. Cl. 235, 240; 1992 U.S. Claims LEXIS 154, at **11 (1992); *United States v. Whorton*, 1988 U.S. Dist. LEXIS 16773, at *10 (D. Haw. Dec. 30, 1988)." Doc. # 31 at FN 1.

Plaintiff agrees.

However, Plaintiff *does not agree* that there is any further exhaustion requirement under 26 U.S.C. § 7422, because there is no other requirement for the Plaintiff to validly state a claim for refund. The Plaintiff has claimed a refund though the timely filing of the appropriate tax return,

waited six months, and then filed suit. All of the factual prerequisites are pled in Plaintiff's First Amended Complaint, and therefore the claim for refund is validly stated.

### III. THE DEFENDANTS' MOTION TO DISMISS SHOULD BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT, AND THE MOTION SHOULD BE HELD IN ABEYANCE UNTIL DISCOVERY IS COMPLETE IN THIS MATTER.

Filed concurrently with this opposition is a motion to treat the Defendants' FRCP 12(b)(6) motion as a summary judgment motion under FRCP 56, pursuant to FRCP 12(d). This honorable Court should not rule on the Defendant's motion at this time, should allow the parties to complete discovery, and should if necessary revisit this issue as summary judgment issue under Rule 56.

### IV. CONCLUSION

The Defendants have simply filed this motion as a dilatory tactic in bad faith. Their motion is not plausible on its face, ignores the plain language of 26 U.S.C. § 7422, and presents no arguments to support a change in the law. In addition, the Defendants have clearly raised facts outside of the four corners of the Complaint, and therefore this motion should be converted to a motion for summary judgment, and decided after discovery has been closed in this matter.

Dated: /s/ September 25, 2017                    Respectfully submitted,

                                                GARVEY SCHUBERT BARER


By: /s/ Joseph A. DiRuzzo, III                  By: /s/ Alex Golubitsky
Joseph A. DiRuzzo, III                              Alex Golubitsky, Bar No. 1269
USVI Bar No. 1114                                   agolubitsky@gsblaw.com
JOSEPH A. DIRUZZO, III, P.A.
633 SE 3rd Ave., Suite 301                       Eighteenth Floor
Ft. Lauderdale, FL 33301                         1191 Second Avenue
954.615.1676 (O)                                 Seattle, Washington 98101-2939
954.764.7272 (F)                                 Telephone:    (206) 464-3939
jd@diruzzolaw.com                                Facsimile:    (206) 464-0125

                                                Attorneys for Plaintiff
                                                William O. Perkins, III

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice was served upon the following attorney via a Notice of Electronic Filing Generated by the Court's CM/ECF system:

Hugh Greentree, Esq.
Assistant Attorney General
Department of Justice
34-48 Kronprindsen Gade
GERS Building, 2nd Floor
St. Thomas VI, 00802

Dated: September 25, 2017                          /s/ Alex Golubitsky
                                                   Alex Golubitsky

GSB:8940356.1