IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| WILLIAM O PERKINS, III, | |
| Plaintiff, | CIV. NO. 3:17-cv-00025 |
| v. | |
| THE UNITED STATES VIRGIN ISLANDS, THE VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, and THE VIRGIN ISLANDS DEPARTMENT OF FINANCE | |
| Defendants. | |

### DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION

**COME NOW** Defendants, Government of the United States Virgin Islands the Virgin Islands Bureau of Internal Revenue, and the Virgin Islands Department of Finance, by and through their undersigned counsel, and hereby states its REPLY to Plaintiff's Response Brief (ECF # 37) to Defendants' Motion To Dismiss (ECF # 30). Defendants state as follows:

1. **BACKGROUND**

Plaintiff filed the Complaint in this matter on April 18, 2017. Plaintiff alleges in the Complaint that on October 17, 2016 he filed an income tax return ("2015 Tax Return") with the Virgin Islands Bureau of Internal Revenue ("VIBIR") for the calendar year/tax year ending December 31, 2015 ("Tax Year 2015"). Plaintiff alleges that his 2015 Tax Return reported an overpayment and he requested that a refund be paid. Plaintiff alleges that more than six months have elapsed since the 2015 Tax Return was filed and that a refund has not been paid. Plaintiff also alleges that he has not received written notice that his return is subject to examination.

Defendants filed a Motion To Dismiss on July 14, 2017. (ECF # 14). Plaintiff filed a First Amended Complaint (ECF # 17) along with other motions and documents on August 3, 2017.

Case: 3:17-cv-00025-CVG-RM   Document #: 43   Filed: 11/03/17   Page 2 of 7

Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss
*Perkins v. Government of the Virgin Islands et. al.*
Civil No. 3:17-cv-00025; Page 2

Defendants filed a Motion To Dismiss The Amended Complaint on August 17, 2017. Hurricanes Irma and Maria caused significant damage to the Virgin Islands on September 6, 2017 and September 18-19, 2017. Plaintiff filed his Response to the motion to dismiss (ECF # 37), among other documents, on September 25, 2017. The Court issued a General Order dated October 2, 2017 and bearing Misc. No. 1:17-mc-00011-WAL ordering that, effective September 5, 2017, *nunc pro tunc,* "all civil and criminal matters scheduled before any judge or magistrate judge in either Division of the District Court of the Virgin Islands from September 5th through October 29th, 2017, including any deadlines associated therewith, are CONTINUED pending further Order of the Court. . . ."

## 2.     ARGUMENT

When considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a district court generally may not consider matters "extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. N.J. June 10, 1997). The Court may consider an extrinsic document that is integral to the complaint and whose authenticity is not contested. *Id.* This exception is necessary, [o]therwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3rd Cir 1993).

Paragraphs 14 and 15 of the First Amended Complaint make reference to evidence of verbal notice of a VIBIR examination of the 2015 Tax Return. As such, this evidence is integral to the Amended Complaint and the Court may consider this document without converting Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment.

Plaintiff argues that he never received *written* notice that the 2015 Return is being examined or being audited. Plaintiff says nothing about the verbal notice given by VIBIR to the

Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss
*Perkins v. Government of the Virgin Islands et. al.*
Civil No. 3:17-cv-00025; Page 3

attorney representing Plaintiff in a lawsuit regarding the 2015 Return. Whether verbal notice of an examination to a taxpayer's attorney is sufficient as notice is a legal issue. *See Delman v. Commissioner,* 384 F.2d 929, 932 (3d Cir. 1967); *Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir. 1951). Since, as of present, there is no dispute regarding the existence of the verbal notice, additional evidence regarding the existence of this notice is unnecessary.

This case involves an original tax return reporting an overpayment. 26 U.S. Code § 7422 sets forth the Government's waiver of sovereign immunity in tax refund suits and this code section's requirements must be satisfied in order for such a suit to be brought. *See Lewis v. United States,* 2005 U.S. Dist. LEXIS 7122, *4-5 (W.D. Mich. Mar. 31, 2005). Plaintiff argues that the regulations only require a taxpayer to file a return reporting an overpayment then wait six months before being eligible to receive his refund. Amend. Compl. ¶¶ 7, 21, 22; ECF #40-1, P. 11. Plaintiff is incorrect. *See Lewis,* 2005 U.S. Dist. LEXIS 7122, *6-7. Review of the applicable regulations, including those cited by Plaintiff, indicate that a tax return reporting an overpayment, by itself, does not always constitute a "claim for refund" for purposes of 26 U.S. Code § 7422(a) and is not always sufficient to justify payment of a refund.[1]

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, *until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.*

---

[1] Thus, a document may meet the definition of "claim for refund" for purposes of 26 C.F.R. § 301.3402-3(a)(1) and (a)(5) but not qualify as a "claim for refund" for purposes of § 301.6402-2(b)(1). *See Beckwith Realty,* 896 F.2d at 863.

Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss
*Perkins v. Government of the Virgin Islands et. al.*
Civil No. 3:17-cv-00025; Page 4

26 U.S. Code § 7422(a) (emphasis added). The notice to Plaintiff that the 2015 Return was being examined precludes the document from meeting the definition of "claim for refund" for purposes of 26 U.S. Code § 7422(a) since it means that the "claim" was not "duly filed."

The term "claim for refund" is defined in the regulations in different ways. 26 C.F.R. § 301.6402-3(a)(1) gives one definition: "In general, in the case of an overpayment of income taxes, a claim for credit or refund of such overpayment shall be made on the appropriate income tax return." Subparagraph (a)(5) of the regulation states a similar definition: "A properly executed individual, fiduciary, or corporation original income tax return or amended return . . . shall constitute a claim for refund within the meaning of section 6402 . . . for the amount of the overpayment disclosed by such return (or amended return)." § 301.6402-3(a)(5). However, § 301.6402-2(b) provides a more stringent definition for a taxpayer seeking a refund.

> No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. *The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.* The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

26 C.F.R. § 301.6402-2(b)(1) (emphasis added). A return in accordance with § 301.6402-3(a) does not relieve a taxpayer of complying with the specificity rule provided in § 301.6402-2(b)(1). *See Beckwith Realty v. United States,* 896 F.2d 860, 863 (4th Cir. W. Va. Feb. 26, 1990).

> This argument, that a taxpayer is required to do nothing more than file the required form in order to make an effective claim for refund, was rejected in *Fearis v. Commissioner of Internal Revenue*, 548 F. Supp. 408 (N.D.Tex. 1982), and by the district court below. We affirm the district court's conclusion that the taxpayer's full compliance with § 301.6402-3(a)(5) did not relieve it of also having to comply with the specificity rule set forth in § 301.6402-2(b)(1).

*Id.* The Fifth Circuit explained the purpose of this regulation.

Case: 3:17-cv-00025-CVG-RM   Document #: 43   Filed: 11/03/17   Page 5 of 7

Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss
*Perkins v. Government of the Virgin Islands et. al.*
Civil No. 3:17-cv-00025; Page 5

> The Commissioner shall not be left to his own devices in order to discover the precise nature of a taxpayer's claim and thus be placed in a position of having to hazard a guess . . . . The Commissioner does not possess the time or resources to perform extensive investigations into the precise reasons and facts supporting every taxpayer's claim for refund. The need for investigation can be easily obviated by a taxpayer who takes the proper care in preparing his claim for refund.

*Beckwith Realty*, 896 F.2d at 863 (quoting *Stoller v. United States*, 444 F.2d 1391 (5th Cir. 1971).

Thus, a tax return reporting an overpayment, by itself, does not necessarily constitute a "claim for refund" for purposes of § 7422(a). *See Beckwith Realty,* 896 F.2d at 863. *Lewis,* 2005 U.S. Dist. LEXIS 7122, *6-7.

Under the facts alleged in the Amended Complaint, the 2015 Return, by itself, does not qualify as a "claim for refund" for purposes of § 7422 because it does not provide the specificity rule set forth in § 301.6402-2(b)(1). The 2015 Return reported over $13 million in losses from pass-through entities, all but one of which are not located in the USVI. VIBIR is now examining this return and is verifying the information reported regarding the non-USVI pass-through entities. Until VIBIR completes examination of the 2015 Return, it is impossible to determine whether a refund will be payable to Plaintiff, and if so, the amount of that refund. In an action by a taxpayer seeking an income tax refund, the taxpayer has the burden of proving his right to a refund when he files an action seeking payment of that refund. *See ITT Corp. v. United States*, 770 F. Supp. 863, 868 (S.D.N.Y. 1991). Plaintiff has not yet proven that he is entitled to a refund of nearly $5.2 million.

In effect, Plaintiff is acting like the plaintiff warned of by the Third Circuit in *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3rd Cir 1993). Plaintiff claims that he is entitled to a refund yet produces no evidence regarding his income or loss, not even the 2015 Return, to support his claim. Plaintiff has all the information or has access to the information necessary for proving his income or loss for the year; VIBIR only has the information that Plaintiff

Case: 3:17-cv-00025-CVG-RM   Document #: 43   Filed: 11/03/17   Page 6 of 7

Defendants' Reply To Plaintiff's Opposition To Defendants' Motion To Dismiss
*Perkins v. Government of the Virgin Islands et. al.*
Civil No. 3:17-cv-00025; Page 6

chooses to share. Plaintiff is attempting to secure a judgment for payment of a refund based on an incomplete record before VIBIR has an opportunity to complete its examination and identify items requiring additional verification. The problem with this case is that VIBIR is unable to confirm or deny the information reported in the 2015 Return; Plaintiff is litigating this case before VIBIR (or the Court) can evaluate the return. This case is premature and the Court should either dismiss it without prejudice or enter a stay allowing VIBIR time to conclude its examination of the 2015 Return.

VIBIR's examination of the 2015 Return and the agency's need for additional information to confirm the information in the return precludes the document from qualifying as a § 7422(a) "claim for refund," §301.6402-3(a) notwithstanding. As such, the facts alleged in the Amended Complaint are insufficient to state a claim for refund pursuant to 26 U.S. Code 7422(a) and dismissal pursuant to FED. R. CIV. P. 12(b)(6) is required.

### 3. <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request dismissal of the Plaintiff's Complaint. In the alternative, Defendants request a stay until such time as Virgin Islands Bureau of Internal Revenue is able to complete an examination of the 2015 Tax Return.

    Respectfully Submitted,

    CLAUDE E. WALKER
    ATTORNEY GENERAL

Dated: <u>November 3, 2017</u>

By: <u>/s/ Hugh A. Greentree</u>
HUGH A. GREENTREE
ASSISTANT ATTORNEY GENERAL
V.I. Department of Justice
34-38 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, U.S.V.I. 00802
Tel: (340) 774-5666
hugh.greentree@doj.vi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>November 3, 2017</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Alex Golubitsky
>Garvey Schubert Barer
>1191 Second Ave.
>18th Floor
>Seattle, WA 98101
>AGOLUBITSKY@gsblaw.com
>
>Joseph A. DiRuzzo, III
>Fuerst Ittleman David & Joseph, PL
>1001 Brickell Bay Drive, Suite 3112
>Miami FL 33131
>jdiruzzo@fuerstlaw.com
>305.350.5690 Office
>305.371.8989 Fax

              ***By:***     /s/ Hugh A. Greentree