```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

WILLIAM O. PERKINS                  )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil No. 2017-25
                                    )
UNITED STATES VIRGIN ISLANDS,       )
VIRGIN ISLANDS BUREAU OF            )
INTERNAL REVENUE, VIRGIN ISLANDS    )
DEPARTMENT OF FINANCE,              )
                                    )
          Defendants.               )
                                    )
```

**ATTORNEYS:**

**Joseph A. DiRuzzo, III**
Joseph A. DiRuzzo, III, P.A.
Ft. Lauderdale, FL
**Alexander Golubitsky**
Marjorie Rawls Roberts, P.C.
St. Thomas, U.S.V.I.
Law Offices of Douglas L. Capdeville
St. Croix, U.S.V.I.
    *For William O. Perkins,*

**Claude Walker**, AG
**Hugh Greentree**, AAG
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the United States Virgin Islands, the Virgin Islands
    Bureau of Revenue, and the Virgin Islands Department of
    Finance.*

## **ORDER**

**GÓMEZ, J.**

Before the Court is the motion of the United States Virgin Islands, the Virgin Islands Bureau of Internal Revenue, and the Virgin Islands Department of Finance (collectively, the

"government") to dismiss the complaint in this matter for lack of subject matter jurisdiction. A brief outline of the relevant procedural history is necessary before the Court can address the government's motion to dismiss.

On April 18, 2017, William O. Perkins ("Perkins") filed a complaint against the government. On June 19, 2017, the government moved for an extension of time to respond to the complaint, which the Magistrate Judge granted. On July 14, 2017, the government moved to dismiss Perkins's complaint for lack of subject matter jurisdiction. On August 3, 2017, Perkins filed a motion asking the Court to convert the government's motion to dismiss into a motion for summary judgment. The same day, Perkins filed an amended complaint against the government.

In light of that procedural history, as a threshold matter, the Court must determine which complaint in this matter is operative.

Federal Rule of Civil Procedure 15 ("Rule 15") governs the amendment of complaints. Rule 15, in relevant part, states that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Here, Perkins was served with the government's motion to dismiss on July 14, 2017. *See* LRCi 5.4(i)(1) ("The 'Notice of Electronic Filing' that is automatically generated by the Court's Electronic Filing System . . . constitutes service of the filed document on Filing Users."). Perkins filed an amended complaint 20 days later on August 3, 2017. Accordingly, Perkins's amended complaint was timely filed as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Where, as here, a defendant files a motion to dismiss and the plaintiff subsequently *properly* files an amended complaint, that subsequent pleading is operative and "render[s] moot [the] defendant['s] motion[] to dismiss." *See Merritt v. Fogel*, 349 Fed. App'x 742, 745 (3d Cir. 2009).

The premises considered, it is hereby

**ORDERED** that the government's motion to dismiss docketed at ECF Number 14 is **MOOT**; and it is further

**ORDERED** that Perkins's motion to convert docketed at ECF Number 19 is **MOOT**.

S\_____
**Curtis V. Gómez
District Judge**