```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

WILLIAM O. PERKINS               )
                                 )
            Plaintiff,           )
                                 )
       v.                        )  Civil No. 2017-25
                                 )
UNITED STATES VIRGIN ISLANDS,    )
VIRGIN ISLANDS BUREAU OF         )
INTERNAL REVENUE, VIRGIN ISLANDS )
DEPARTMENT OF FINANCE,           )
                                 )
            Defendants.          )
                                 )
```

**ATTORNEYS:**

**Joseph A. DiRuzzo, III**
Joseph A. DiRuzzo, III, P.A.
Ft. Lauderdale, FL
**Alexander Golubitsky**
Marjorie Rawls Roberts, P.C.
St. Thomas, U.S.V.I.
Law Offices of Douglas L. Capdeville
St. Croix, U.S.V.I.
   *For William O. Perkins,*

**Claude Walker, AG**
**Hugh Greentree, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
   *For the United States Virgin Islands, the Virgin Islands Bureau of Revenue, and the Virgin Islands Department of Finance.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the United States Virgin Islands, the Virgin Islands Bureau of Internal Revenue, and the

Virgin Islands Department of Finance to dismiss the complaint in this matter.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 15, 2016, William O. Perkins ("Perkins") alleges that he made a tax payment of $7,200,000 to the Virgin Islands Bureau of Internal Revenue (the "VIBIR") for the 2015 tax year. Subsequently, on October 17, 2016, Perkins filed an income tax return for the 2015 tax year (the "2015 tax return") with the VIBIR. The 2015 tax return asserted that Perkins was entitled to a refund of $5,171,795. Perkins alleges that the VIBIR has not initiated an audit of the 2015 tax return. The VIBIR has also not paid or denied the refund.

On April 18, 2017, Perkins filed a complaint against the United States Virgin Islands, the VIBIR, and the Virgin Islands Department of Finance (the "VIDF") (collectively, the "government"). On August 3, 2017, Perkins filed an amended complaint against the government.

On August 17, 2017, the government moved to dismiss Perkins's amended complaint under Federal Rule of Civil Procedure 12(b)(6). The government asserts that the VIBIR is currently auditing the 2015 tax return. The VIBIR argues that "a civil action for refund is premature while VIBIR's examination/audit of the 2015 Tax Return continues." ECF No. 31

at 5. The VIBIR asks the Court to dismiss the amended complaint or, in the alternative, stay this action until December 15, 2017.

On September 25, 2017, Perkins filed a motion asking the Court to convert the government's motion to dismiss into a motion for summary judgment. Perkins asserts that he "does not have the pertinent factual discovery necessary to adequately resond to the factual allegations of the [government's] motion at this time." ECF No. 38 at 3. Perkins asks the Court to "permit discovery to occur in this matter in the normal course prior to issuing a ruling on the [government's] motion." *Id.*

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.,* 550 U.S. at 562

(emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.,* 550 U.S. at 555).

If a Rule 12(b)(6) motion presets "matters outside the pleadings" that are "not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). If a court converts a Rule 12(b)(6) motion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.; see also Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 775 n.6 (3d Cir. 2013) ("Once [a Rule 12(b)(6)] motion is converted to a motion

for summary judgment, reasonable allowance must be made for the parties to obtain discovery.").

### III. ANALYSIS

The amended complaint alleges that the "[VI]BIR has not initiated an audit of [Perkins] for any tax year." *See* ECF No. 17, Exh. 2 at ¶8. In its motion to dismiss, the government argues that the Court must either dismiss or stay this case because a tax return *is* under audit. In support of this argument, the government filed an affidavit asserting that Perkins's attorney was told during a phone call "that the VIBIR was conducting an examination of the income tax return filed by [Perkins]." *See* ECF No. 15, Exh. 1 at 1. Because the government's motion to dismiss relies on extrinsic evidence that is contrary to an allegation in the amended complaint, the Court may (1) exclude that extrinsic evidence; or (2) treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *see also Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 284 (3d Cir. 1991) (holding that when a district considers extrinsic evidence in deciding Rule 12(b)(6) motion, the district court's disposition must be pursuant to Rule 56).

Before determining whether to (1) exclude the evidence or convert the motion to dismiss; and (2) if the latter, what

constitutes a "reasonable allowance to obtain discovery" on this issue, *see Guidotti*, 716 F.3d at 775 n.6, the Court will first examine the legal basis of the government's argument.

The Third Circuit has summarized the Virgin Islands tax law as follows:

> In the Naval Service Appropriation Act of 1922, Congress passed legislation applying the Internal Revenue Code of the United States to the Virgin Islands. *See* Pub. L. 94-932 (codified at 48 U.S.C. § 1397); *Chase Manhattan Bank, NA. v. Gov't of the Virgin Islands*, 300 F.3d 320, 322, 44 V.I. 457 (3d Cir.2002). This legislation provides that "[t]he income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands." 48 U.S.C. § 1397. This statutory scheme has come to be known as the "mirror code" because Congress designed Virgin Islands tax law to mirror the tax laws in effect on the mainland. *Chase Manhattan Bank*, 300 F.3d at 322. As a result of this legislation, the words "Virgin Islands" are substituted for the words "United States" throughout the Internal Revenue Code. *Bizcap, Inc. v. Olive*, 892 F.2d 1163, 1165 (3d Cir.1989).

*Cooper v. C.I.R.*, 718 F.3d 216, 219 (3d Cir. 2013). Under this "Mirror Code", the provisions of the Internal Revenue Code and its accompanying regulations apply to taxes levied in the Virgin Islands except where displaced by local law. *Oelsner v. Virgin Islands*, 294 F. Supp. 2d 689, 693 (D.V.I. 2003).

Section 7422, title 26, of the U.S. Code ("Section 7422") permits taxpayers to bring actions for refund of excess income tax payments. *See* 26 U.S.C. § 7422; *see also, e.g.*, *Komlo v. United States*, 657 Fed. App'x 85, 87 (3d Cir. 2016). Before bringing such an action, a taxpayer must "duly file" a "claim for refund or credit . . . with the Secretary." 26 U.S.C. § 7422(a). When taxpayer claims to have made excess income tax payments, "a claim for credit or refund of such overpayment shall be made on the appropriate income tax return." 26 C.F.R. §301.6402-3(a)(1).

The government cites no authority for the proposition that a refund action must be stayed or dismissed if a claim for refund is under audit. The Court is unaware of any such authority. To the contrary, 26 U.S.C. § 6532 ("Section 6532") provides that

> [n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax . . . shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1). Section 6532 makes no mention of an audit or examination. Rather, the statute directs taxpayers to

file a claim for refund and then wait 6 months before filing suit. As the Ninth Circuit has observed, "Section 6532(a)(1) is certainly indicative of Congress's expectation that six months is a sufficient period for administrative processing of a valid claim for a tax refund." *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1241 (9th Cir. 2015).

The premises considered, it is hereby

**ORDERED** that the government's motion to dismiss docketed at ECF Number 30 is **DENIED**.

                                                                S\_____
                                                             **Curtis V. Gómez**
                                                             **District Judge**